HILL v. GRAY.

1. CLAIM OF DOWER.—In an action to foreclose a mortgage against the widow and children of a deceased mortgagor, the widow need not make her claim of dower, unless there are proper allegations in the complaint raising that issue.

2. RES ADJUDICATA.—A judgment foreclosing a mortgage on a decedent's estate, reciting that the "claim of dower was not raised or adjudicated in this action," is not a bar to a subsequent action for dower in the mortgaged premises.

3. ELECTION—DISTRIBUTIVE SHARE.—The widow's distributive share cannot be well ascertained without administration, and she cannot be held to an election without full information as to her interests.

4. ELECTION.—Acceptance by a widow of a deed of land for which her husband had contracted, but had not paid, does not bar her right to dower in other land, unless it appears that she accepted the deed as part of her distributive share of her husband's estate.

5. ADVERSE POSSESSION.—The widow and children of the deceased, in possession of decedent's land, do not hold adversely to the claim of the widow for dower in the land.

6. IBID.—TENANTS IN COMMON.—There can be no adverse possession in one or more of several tenants in common in possession of the land, as against the others, without some evidence of ouster, or something similar.

7. DOWER.—When in sale of lands under foreclosure the right of dower is expressly reserved, the widow is not bound to seek her dower in the proceeds of sale, but may take it in the land in possession of the purchaser.

Before ALDRICH, J., Laurens, March 2, 1895.   Affirmed.

This was a petition filed April 16th, 1894, by Rebecca Hill,

seeking dower in a tract of land in Laurens County, in possession of W. L. and R. L. Gray. Probate judge granted the petition, and upon appeal, Judge Aldrich affirmed his order. Defendants appeal.

*Mr. N. B. Dial,* for appellants.

*Messrs. Johnson & Richey,* contra.

Sept. 9, 1895. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. This was a proceeding originally instituted in the Court of Probate, by which the plaintiff demanded dower in a tract of land in the possession of the defendants. The judge of probate rendered his decree allowing dower, and from that decree defendants appealed to the Court of Common Pleas, where the same was heard by his Honor, Judge Aldrich, who, in a short order, overruled all the exceptions to the decree of the judge of probate, and remanded the case to the Court of Probate, for the purpose of carrying into effect the decree of that Court. The defendants now appealed from the judgment of the Circuit Court upon the several grounds set out in the record, which it is unnecessary to repeat here, as we propose to consider the several points made by these grounds.

The undisputed facts are that Enoch Hill, the husband of plaintiff, died intestate in May, 1878, seized and possessed of the tract of land in which dower is now claimed, leaving as his heirs at law his widow, the plaintiff herein, and six children, one of whom, according to the testimony, was about twenty years of age at the time the testimony in this case was taken, and another had died leaving minor children. It does not appear that any administration was ever granted upon the personal estate of the intestate, which seems to have been very small, and, indeed, the widow testified that there never was any administration upon the estate. It also appears from the testimony that the intestate owned no other land at the time of his death except that which constitutes the subject matter of the present controversy, but

that he had, through one Berry Owings, bid off another tract of land, upon which he had paid something, and that after his death the said Berry Owings, in consideration of the amount which had been paid by the intestate during his lifetime, made titles to the widow for eighty acres of said land, estimated to be worth about $10 per acre.   Some time after the death of Enoch Hill, one Stoddard commenced an action to foreclose a mortgage on a tract of land in which the plaintiff now claims dower, to which action the widow and her children were made parties as heirs at law, and as being in possession of the land.   That action culminated in a judgment for the sale of the land, which appears to have been rendered in September, 1892, and in that judgment the following clause is found: "The question of dower was not raised or adjudicated in this action."   When the land was offered for sale under that judgment, the attorney for Mrs. Hill testified that he "gave notice that Mrs. Hill would claim dower, and the land was sold subject to her claim;" and also that the attorney of Stoddard "gave notice that, in his judgment, Mrs. Hill did not have any dower in said land;" to which the witness responded, "that, in my judgment, Mrs. Hill did have dower, and would claim same."   The land was sold, and bought by defendants, who went into possession in December, 1893—the plaintiff testifying in this case that she was induced to surrender possession by a threat of Gray that he would have her put out.   The defendants set up several grounds of defense to the claims of dower, and rely upon the same as their grounds of appeal from the judgment of Judge Aldrich, which will now be considered.

The first defense set up is that of *res adjudicata*, which is based upon the ground that plaintiffs failed to set up any claim of dower in the action brought by Stoddard to foreclose the mortgage hereinbefore referred to.   But, in the first place, it does not appear that there were any allegations in the complaint in that action which rendered it necessary or appropriate that the claim of dower should be there set up.   Indeed, we suppose that the plain-

tiff herein, together with her children, were made parties to that action simply as heirs at law in possession of the mortgaged premises. But what is conclusive of the matter is that the question of the right to dower was, in effect, reserved by the explicit statement made in the decree of foreclosure, that "the question of dower was not raised or adjudicated in this action." This, together with the notice given at the sale, was quite sufficient to advertise purchasers that the sale was made subject to the widow's claim of dower. We do not think, therefore, that the defense of *res adjudicata* can be sustained.

The next defense set up is that of estoppel; exactly of what kind does not appear. If, as we have seen, the plaintiff was not estopped by the plea of *res adjudicata*, we are unable to discover anything else that would operate as an estoppel.

The third defense set up is, as expressed by counsel for appellants, that the plaintiff "had elected to take other portions of her husband's estate in lieu of dower," by which we understand that the widow having elected to take her distributive share of her husband's estate, is barred of her dower. The insuperable obstacle to this defense is that it does not appear that the widow ever made any such election. Indeed, in view of the undisputed fact that there never was any administration upon the estate of the intestate, it is somewhat difficult to understand how the widow's distributive share of the estate could have been ascertained, without which she could not properly be said to have made any election; for it is well settled that the widow is to have full information of her interest before she can be held to any election. We suppose, however, that the real point intended to be made by this defense, presented by the third ground of appeal, is that the plaintiff, by accepting the deed from Berry Owings for the eighty acres of land contracted for, but not paid for, by the intestate during his lifetime, she is barred of her dower. In the first place, that land never

constituted any part of the estate of the intestate; but, in the second place, that deed not being before us, we know nothing of its terms, and it may be, for all that appears, that the deed was made to the plaintiff for the benefit of the heirs at law, as it should have been.    At all events, it was incumbent upon the defendants, who set up this affirmative defense, to show that the said deed was accepted by the plaintiff as a part of her distributive share of her deceased husband's estate, and no such showing has been made. Indeed, in the absence of any administration upon the estate, there was no person legally authorized to represent the estate, and the transaction with Owings may yet be set aside.    This ground of appeal must be overruled.

The fourth ground of appeal raises the defense of the statute of limitations, which is based upon adverse possession.    It is quite certain that the defendants, who never went into possession of the land until December, 1893, could not claim by adverse possession themselves for the statutory period; and we think it equally certain that there is no adverse possession in the parties under whom they claim, for the requisite period of time, or, indeed, for any time at all.    For while it does appear that the plaintiff and her children remained in possession of the land from the time of the death of the intestate until defendants took possession, yet there is not the slightest evidence even tending to show that such possession was adverse.    If, as appellants claim, the plaintiff and her children were in possession of the land as tenants in common, there certainly could be no *adverse* possession by one or more of them against the other, without some evidence of *ouster* or something of that kind; and of this there is not the slightest pretense.

The fifth ground raises the point, that if plaintiff is entitled to dower at all, she must claim it, not out of the land, but out of the proceeds of the sale thereof, under the judgment of foreclosure.    In the first place, no such point was raised in the Court of Probate, and was not, therefore, prop-

erly before the Circuit Court, although it was raised by the fifth ground of appeal from the decree of the judge of probate. What view the Circuit Judge took of that point, does not appear, as he simply confirmed that decree in a short order, without giving any reason. But, waiving this, we do not think that the point can be sustained, for the reason, as we have seen above, that the sale under the judgment of foreclosure was, in effect, made subject to the claim of dower, and the purchasers were so notified, not only by the terms of the judgment, but by distinct notice at the sale.

The sixth ground of appeal raises the question of *res adjudicata*, which has already been disposed of.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed. `